J-S63045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL REDDING, | : | |
| | : | |
| Appellant | : | No. 1695 EDA 2015 |

Appeal from the PCRA Order May 27, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0004817-1986

BEFORE: DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED DECEMBER 28, 2015**

Michael Redding ("Redding"), *pro se*, appeals from the Order dismissing his "Petition for Writ of *Habeas Corpus Ad Subjiciendum*."[1] We affirm.

On June 2, 1987, Redding entered guilty pleas to third-degree murder and robbery, and a *nolo contendere* plea to burglary. The trial court sentenced Redding to thirty to sixty years in prison. Redding filed a timely

---

[1] Any petition filed after the judgment of sentence has become final will be treated as a Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2010). The PCRA is the sole means of obtaining collateral relief, and subsumes all other remedies, including *habeas corpus*. **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013); 42 Pa.C.S.A. § 9542. In his Petition, Redding challenges the legality of his sentence. Thus, the PCRA court properly treated Redding's Petition was as a PCRA Petition. **See** 42 Pa.C.S.A. § 9543(a)(2).

direct appeal, but later withdrew it in October 1987. Redding subsequently filed numerous PCRA Petitions, all of which have been denied.

On April 15, 2015, Redding filed the instant Petition. The PCRA court treated the Petition as a PCRA Petition. After issuing a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the Petition. Redding filed a timely Notice of Appeal.

Our standard of review regarding a PCRA court's dismissal of a petition for relief is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date that the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 2093 (Pa. 2010).

Here, Redding's judgment of sentence became final in October 1987, when he withdrew his direct appeal. *See Commonwealth v. Conway*, 706

A.2d 1243, 1244 (Pa. Super. 1997). Thus, Redding's instant Petition, filed on April 15, 2015, is facially untimely under the PCRA.

However, we may address an untimely PCRA Petition where the appellant pleads and proves one of three statutory exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions must be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

Here, Redding claims that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), affords him relief under the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Brief for Appellant at 7-16. In *Alleyne*, the Supreme Court held the following:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne*, 133 S. Ct. at 2155. Redding argues that *Alleyne* applies retroactively to his case, requiring that his sentence should be vacated and the case remanded for re-sentencing. Brief for Appellant at 7-9, 10-13.

*Alleyne* and its progeny are inapplicable in this case, as Redding's sentence does not include a mandatory minimum sentence. *See* PCRA Court Opinion, 6/18/15, at 2. Even if *Alleyne* applied, Redding did not file the instant PCRA Petition within sixty days of the date that the *Alleyne*

- 3 -

decision was filed, as required to invoke the exception under the PCRA. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that to raise an exception under section 9545(b)(1)(iii), "the sixty-day period begins to run upon the date of the underlying judicial decision."). Moreover, this Court has held that the *Alleyne* decision is not a sufficient basis to invoke the exception at section 9545(b)(1)(iii), as the decision does not apply retroactively. *See Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa. Super. 2015). Accordingly, Redding has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of his Petition.[2]

Thus, the PCRA court did not err in dismissing Redding's Petition as untimely.[3]

Order affirmed.

---

[2] While Redding correctly stated that challenges to the legality of sentence are generally non-waivable, such claims "may [only] be entertained *so long as the reviewing court has jurisdiction*." *Commonwealth v. Robinson*, 931 A.2d 15, 19-20 (Pa. Super. 2007) (*en banc*) (emphasis added).

[3] Redding also cites to *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), to support his claim. Brief for Appellant at 7-8, 9-10, 12, 13. The *Miller* Court held that sentencing schemes mandating life-without-parole sentences for juveniles, who committed their crimes while under the age of eighteen, violated the Eighth Amendment prohibition on cruel and unusual punishment. *Miller*, 132 S. Ct. at 2460; *see also Cunningham*, 81 A.3d at 10 (stating that *Miller* does not apply retroactively to juveniles in Pennsylvania). While the United States Supreme Court granted *certiorari* and heard argument in *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015), to determine whether *Miller* applies retroactively, the *Miller* case is inapplicable to Redding.

J-S63045-15

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2015